Filed  04/10/25

VERMONT SUPERIOR COURT

Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket No. 24-ENV-00029

| | |
|---|---|
| Town of Poultney<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>Benjamin Kainen,<br>　　　　　Respondent. | **MERITS DECISION** |

This is an enforcement action brought by the Town of Poultney (Town) against Benjamin Kainen for zoning violations occurring at 270 Beeman Street, Poultney, Vermont (the Property).  On August 8, 2022, the Town, through its Zoning Administrator, issued a Notice of Violation to Mr. Kainen alleging two violations at the Property (the NOV).  Both violations alleged that Mr. Kainen was operating an auto service station at the Property in violation of the allowable uses in the applicable zoning district and contrary to a November 2020 decision of the Town Development Review Board (DRB) denying such a use at the Property.  Mr. Kainen did not appeal the NOV.  This action followed. The Town subsequently amended its complaint to include an additional alleged violation of the Poultney Unified Bylaws (the Bylaws) concerning the sale of automobiles.

In this matter, the Town is represented by Gary R. Kupferer, Esq.  Mr. Kainen is represented by Matthew S. Branchaud, Esq.  On March 26, 2025, this Court held a merits hearing in this matter via the WebEx platform.  Both parties attended the hearing.

### Findings of Fact

1.  Benjamin Kainen owns property having an address of 270 Beeman Street, Poultney, Vermont.
2.  The Property is in the Village Residential District, as designated by the Bylaws.
3.  The Property has a garage on it that predated Mr. Kainen's purchase of the Property in 2020.
4.  Prior to purchasing the Property, Mr. Kainen was aware that the garage was used for storage because a friend owned it, along with a neighboring residence, for a few years before he bought it.

1

5. Mr. Kainen bought the Property with the original intention of using it as a commercial auto service repair shop and made improvements to the Property and the existing garage to accommodate that purpose.

6. When he purchased the Property, he initially used the Property for commercial automobile repairs but was informed he needed a permit for that use.

7. Mr. Kainen subsequently applied for a conditional use permit for an auto service repair business at the Property, but the DRB denied that application in November 2020.

8. On or about August 8, 2022, the Town, through its Zoning Administrator, issued a Notice of Violation to Mr. Kainen alleging two violations at the Property (the NOV).

9. Both violations alleged that Mr. Kainen was operating an auto service station at the Property in violation of the allowable uses in the applicable zoning district and contrary to the November 2020 DRB decision denying such a use at the Property.

10. Mr. Kainen did not appeal the NOV.

11. Since receiving the NOV, Mr. Kainen has not repaired vehicles owned by others for money at the Property.

12. Currently, his tools are stored at the Property along with lifts.

13. Mr. Kainen owns the vehicles at the Property in or outside the garage.

14. As of the date of trial 8 to 12 vehicles were at the Property.

15. Some vehicles are registered and some are not.

16. Approximately 5 vehicles are registered to Mr. Kainen and he drives those vehicles.

17. Mr. Kainen fixes the vehicles, drives them, and/or sells them.

18. In the past three years he has sold approximately 8 to 10 vehicles a year.

19. He does not sell more than 12 vehicles per year due to State licensing requirements.

20. Mr. Kainen does not sell vehicles at the Property but instead advertises them for sale online and then conducts the sale off-site in another public place.

21. There is no sign at the Property advertising any commercial activities.

**Discussion**

The Town represents at trial that they do not seek fines and penalties at this time. This is because the NOV concerned auto repairs and services provided to customers. It is the Town's understanding, which is supported by the evidence received at trial, that this type of use is not occurring since the date of the NOV and instead Mr. Kainen works on vehicles that he owns at the Property. There is no allegation of a zoning violation relative to Mr. Kainen's doing repair work on

his own vehicles at the Property. Instead, the uses at issue in this matter are the auto <u>sales</u>, which were not noticed in the NOV, and the outdoor storage of vehicles at the Property. Thus, the Town is precluded from pursuing fines and penalties with respect to the auto sales aspect of its complaint and instead seeks injunctive relief. *Compare* 24 V.S.A. § 4451 (setting forth the process by which a municipality may enforce a zoning regulation and seek fines, which requires providing sufficient notice prior to pursuing an action for fines) *with* 24 V.S.A. § 4452 (setting forth the process by which a municipality may enforce a zoning regulation and seek an injunction, which does not require providing notice prior to pursing such an action).

If any land is used in violation of any duly adopted bylaw, the Legislature mandated that the municipality bring "any appropriate action, injunction or other proceeding to prevent, restrain, correct, or abate that construction or use, or to prevent, in or about those premises, any act, conduct, business, or use constituting a violation." 24 V.S.A. § 4452.

Auto sales are not a permitted or conditional use in the Village Residential District. See Bylaws Art. III (Table of Uses). "Any use not permitted by these regulations shall be deemed to be prohibited." Bylaws § 204. Further, unregistered or unlicensed vehicles may not be openly stored in the front yard in any zoning district. Bylaws § 1525. With exceptions not relevant here, not more than 2 unregistered or uninspected motor vehicles may be stored outside if screened from view in the side or rear yards. <u>Id</u>. The Bylaws do not limit the storage of unlicensed or unregistered vehicles inside.

The evidence presented demonstrates that Mr. Kainen is not engaging in auto sales at the Property. While he works on vehicles at the property, he provided credible testimony that the vehicles he works on he either owns or drives himself for a period and then sells off-site. There is no signage advertising auto sales, and he does not appear to invite auto purchasers to the Property relative to any potential sale. The Town has not provided a basis to conclude that these off-site sales on vehicles retained on-site is a violation of the Bylaws. The Court will therefore not enjoin Mr. Kainen from engaging in these sales off-site.[1]

We next turn to the storage of Mr. Kainen's vehicles at the Property outside of the garage. It does not appear disputed that Mr. Kainen can store vehicles at the Property that he owns that are registered or licensed, including outside storage. He cannot, pursuant to Bylaws § 1525, however, store unregistered or unlicensed vehicles in public view on the Property, even if he owns them. To the extent that he can have two unlicensed or unregistered vehicles stored outdoors, they must be

---

[1] The evidence presented demonstrates that on-site sales are not occurring. Thus, the Court will not issue an injunction on such action.

screened from view in rear or side yards. Furthermore, there is no prohibition on such vehicles being stored inside the garage. Thus, the maximum number of unregistered/unlicensed vehicles stored outside at the Property is two (2), and such vehicles must be screened from view.

We, therefore, grant the Town injunctive relief in this respect.

**Conclusion**

For the foregoing reasons, we conclude that auto repair services are not being offered to customers on-site since the date of the NOV. There are no auto sales occurring on-site and, instead, Mr. Kainen owns all of the vehicles on the Property. To the extent that they need repairs, he completes the repairs in the garage on-site, then drives them personally and/or sells them at an off-site location. These off-site sales are not in violation of the Bylaws. To the extent that the Town seeks injunctive relief from the Court prohibiting these sales, the Court declines to do so.

To the extent that vehicles are stored on-site, Mr. Kainen can store vehicles he owns that are registered and licensed at the Property, both inside and outside of the garage. Pursuant to Bylaws § 1525, vehicles that are unregistered or unlicensed may not be stored outside in public view. At most, two unregistered or unlicensed vehicles, at any one time, may be stored outside, but these vehicles must be located in side or rear yards and screened from public view. Any unlicensed or unregistered vehicle may be stored inside the garage.

We therefore grant the Town's request for injunctive relief regarding unregistered and unlicensed vehicles at the Property and **ORDER** Mr. Kainen to remove all unregistered or unlicensed vehicles on the Property within the front yard. Unregistered or unlicensed vehicles may be stored wholly in the garage. Mr. Kainen may have a maximum of two unregistered or unlicensed vehicles on-site but only in a rear or side year and only if screened from public view.

This concludes the matter before the Court. A Judgment Order accompanies this Decision. Electronically signed 10th day of April 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division